700 A.2d 920

**KURT J. LESKER COMPANY, Appellee,**

v.

**PLASMATERIALS, INC. and Donald J. Sarrach, Appellants.**

Supreme Court of Pennsylvania.

Argued Sept. 18, 1996.

Decided Sept. 17, 1997.

Richard B. Sandow, Pittsburgh, Carl W. Brueck, Jr., Monroeville, John P. Davis, Pittsburgh, for Plasmaterials, Inc. and Donald J. Sarrach.

Frank G. Salpietro, Pittsburgh, for Kurt J. Lesker Co.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO and NEWMAN, JJ.

### ORDER

PER CURIAM.

AND NOW, this 17th day of September, 1997, the appeal in the above-captioned case is hereby dismissed as having been improvidently granted.

CASTILLE, J., files a dissenting statement in which NIGRO, J., joins.

CASTILLE, Justice, dissenting.

One of the issues raised in this matter is whether the trial court should have allowed appellee to use an unsigned document as evidence that Sarrach had violated a restrictive covenant he had allegedly entered into with it. Because I believe the circumstances of this case raise important issues

and public policy considerations in this era of corporate downsizing, I must respectfully dissent from the majority's decision to dismiss this matter as improvidently granted.

In July of 1982, appellee offered Sarrach the position of vice president of technical matters. The offer letter appellee sent Sarrach made no mention of Sarrach's acceptance being contingent upon his consent to any employment agreement or restrictive covenant. Upon accepting the position, appellee testified that he was not asked to sign an employment agreement. Approximately one year later, however, after certain key employees left appellee and started up a competing company, Kurt Lesker, the owner of appellee, approached him about signing an employment agreement at that time. Sarrach testified that he declined to sign the agreement because it was "too one-sided". Per Sarrach, the issue of the employment agreement was never addressed again before his departure from appellee.

In 1987, appellee terminated Sarrach's employment. Sarrach testified that the day after he was fired, he and Lesker met and discussed, among other things, possible employment opportunities for Sarrach and certain concerns Lesker had about appellant later competing with appellee. Appellant testified that a few days after the meeting, Lesker told appellant that he would give him three months severance pay and that appellant would have to sign a separation agreement. Appellant testified that he read the separation agreement and that he recalled inserting something into the agreement to address certain concerns he had about medical benefits. Sarrach further testified that although the separation agreement made reference to an employment agreement, that an employment agreement was not attached and that based upon his discussions with Lesker and the fact that he had never signed an employment agreement, the reference did not concern him.

After signing his separation agreement (presumably to receive his severance pay), Sarrach departed and started his own company, Plasmaterials, Inc. Appellee commenced the underlying action alleging, *inter alia,* that it sustained certain damages as a result of Sarrach's violation of a restrictive

covenant it claimed Sarrach agreed to while employed with it. Specifically, appellee claimed Sarrach had used confidential trade secrets of appellee to underbid it on projects. Based upon the evidence presented to the jury, the jury entered a verdict against Plasmaterials for $108,160 in compensatory damages and $500,000 in punitive damages, and against Sarrach in the amount of $143,463 in compensatory damages and $500,000 in punitive damages.

One of appellee's key claims was that it was entitled to damages from appellants because Sarrach violated a restrictive covenant contained in an employment agreement he had with appellee.[1] Appellee, however, could not produce any signed employment agreement between it and Sarrach containing the restrictive covenant at issue, and did not offer an explanation for its absence other than to say that the owner of the company had apparently placed it in his personal drawer and had lost it.[2] Because appellee had allegedly lost the employment agreement, which would have been in its control, the trial court allowed appellee to use an unsigned contract as evidence of the terms of the restrictive covenant appellee claimed applied to Sarrach.

I believe this Court should address this matter on its merits as I believe guidance is needed from this Court as to when it is appropriate for a trial court to allow the use of unexecuted documents as proof that a restrictive employment covenant existed between the parties and to clarify the use of such documents under the principles of the Best Evidence Rule. Accordingly, I dissent from the Court's dismissal of this matter.

NIGRO, J., joins this dissenting statement.

---

1. The restrictive covenant appellee claims Sarrach violated essentially forbid a departing employee from engaging in "any competition" with appellee for two years.

2. Appellee did not present any evidence that anyone else employed by it had been required to sign such an employment agreement.